**23-0303**

IN THE

# United States Court of Appeals

## FOR THE SIXTH CIRCUIT

◆◆

IN RE FIRSTENERGY CORP. SECURITIES LITIGATION

ON PETITION FOR PERMISSION TO APPEAL FROM THE
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
NOS. 20-CV-3785, 20-CV-4287, CHIEF JUDGE ALGENON L. MARBLEY

---

## DEFENDANT FIRSTENERGY CORP.'S AND CERTAIN INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF THEIR PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

---

GEOFFREY J. RITTS
ADRIENNE FERRARO MUELLER
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-3939

MARJORIE P. DUFFY
JORDAN M. BAUMANN
M. RYAN HARMANIS
JONES DAY
325 John H. McConnell Boulevard,
   Suite 600
Columbus, Ohio 43215
(614) 469-3939

*Counsel for Defendants FirstEnergy
Corp. and Steven E. Strah, K. Jon
Taylor, Jason J. Lisowski, George M.
Smart, Paul T. Addison, Michael J.
Anderson, Steven J. Demetriou, Julia L.
Johnson, Donald T. Misheff, Thomas N.
Mitchell, James F. O'Neil III,
Christopher D. Pappas, Sandra
Pianalto, Luis A. Reyes, Jerry Sue
Thornton, and Leslie M. Turner*

ROBERT J. GIUFFRA, JR.
SHARON L. NELLES
DAVID M.J. REIN
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

MORGAN L. RATNER
SULLIVAN & CROMWELL LLP
1700 New York Avenue N.W.
Washington, D.C. 20006
(202) 956-7500

*Counsel for Defendant FirstEnergy Corp.*

# TABLE OF CONTENTS

*Page*

INTRODUCTION...................................................................................1

ARGUMENT.........................................................................................3

I.     **PLAINTIFFS CANNOT SALVAGE THE DISTRICT COURT'S ERRONEOUS *AFFILIATED UTE* AND *COMCAST* HOLDINGS**.........3

     A.     The District Court Misconstrued the *Affiliated Ute* Presumption.........3

     B.     The District Court Misapplied *Comcast* .................................5

II.    **PLAINTIFFS' OPPOSITION CONFIRMS THAT THE OTHER RULE 23(f) FACTORS SUPPORT REVIEW** .........................10

**CONCLUSION**................................................................................12

# TABLE OF AUTHORITIES

*Page(s)*

## Cases

*Affiliated Ute Citizens of Utah* v. *United States*,
406 U.S. 128 (1972)..............................................................................*passim*

*In re Cmty. Health Sys., Inc.*,
2019 WL 5549319 (6th Cir. Oct. 23, 2019) ......................................11

*Comcast Corp.* v. *Behrend*,
569 U.S. 27 (2013)..............................................................................*passim*

*In re E.I. DuPont de Nemours & Co. C-8 Pers. Inj. Litig.*,
2022 WL 4149090 (6th Cir. Sept. 9, 2022) ......................................11

*Erica P. John Fund, Inc.* v. *Halliburton Co.*,
563 U.S. 804 (2011)................................................................................6

*Fort Worth Employees' Ret. Fund* v. *J.P. Morgan Chase & Co.*,
301 F.R.D. 116 (S.D.N.Y. 2014) ..........................................................9

*In re Hydrogen Peroxide Antitrust Litig.*,
552 F.3d 305 (3d Cir. 2008), *as amended* (Jan. 16, 2009) ..................7

*McMahan & Co.* v. *Wherehouse Ent., Inc.*,
65 F.3d 1044 (2d Cir. 1995) ..................................................................7

*Morris Aviation, LLC* v. *Diamond Aircraft Indus., Inc.*,
536 Fed. Appx. 558 (6th Cir. 2013)......................................................4

*In re Red Ball, Inc.*,
157 Fed. Appx. 850 (6th Cir. 2005)......................................................7

*Rikos* v. *Procter & Gamble Co.*,
799 F.3d 497 (6th Cir. 2015) ................................................................5

*Waggoner* v. *Barclays PLC*,
875 F.3d 79 (2d Cir. 2017) ...............................................................3, 9

*Ward* v. *Apple Inc.*,
    784 Fed. Appx. 539 (9th Cir. 2019) ........................................................9

*Weiner* v. *Tivity Health, Inc.*,
    334 F.R.D. 123 (M.D. Tenn. 2020) ........................................................9

## Statutes and Rules

15 U.S.C. § 78u-4(e)(1) ............................................................................8

Fed. R. Civ. P. 23 ..........................................................................*passim*

## INTRODUCTION

As Plaintiffs acknowledge, this Court accepts Rule 23(f) appeals when petitioners show that "(i) they're likely to succeed on appeal even under the deferential abuse-of-discretion standard; (ii) a questionable class-certification ruling has created undue settlement pressure . . . , *or* (iii) the certification decision presents a novel or unsettled question of law." Opp. 1 (emphasis added). As confirmed by the outpouring of support from *amici*—including former SEC officials, law professors, industry groups, and business federations—Defendants' Petition easily satisfies each of those criteria, any one of which supports review.

On *Affiliated Ute Citizens of Utah* v. *United States*, 406 U.S. 128 (1972), Plaintiffs repeatedly invoke the abuse-of-discretion standard that applies to class-certification decisions, but recognize that a court abuses its discretion when it "improperly applie[s] the law." Opp. 2-3 (quoting *Rikos* v. *Procter & Gamble Co.*, 799 F.3d 497, 504 (6th Cir. 2015)). They admit that "the correct application of *Affiliated Ute*" is "important to class-action litigation as a whole." *Id.* at 25. But they say nothing in response to the central legal argument made by Defendants and their *amici*: that *Affiliated Ute* does *not* apply to securities claims based on half-truths. Tellingly, Plaintiffs ignore the seven courts of appeals that have held as much. *See* Pet. 12-15.

Plaintiffs focus their attention on the district court's (mis)application of *Comcast Corp.* v. *Behrend*, 569 U.S. 27 (2013). They invoke the parties' submissions to try to paper over the court's failure to undertake the "rigorous" *judicial* analysis that *Comcast* demands. *Id.* at 35. They even rewrite the court's opinion to omit its clearly erroneous conclusion that the Exchange Act, like the Securities Act, provides a statutory formula for calculating damages. But Plaintiffs cannot obscure their failure to put forward a common damages methodology that can reliably measure their complex alleged damages, which turn on the varying impact of distinct acts of political corruption on the price of FirstEnergy's securities over a 3.5-year period.[1]

---

[1]    The so-called "Non-Speaking Defendants" filed a separate Rule 23(f) petition, *In re Robert Reffner*, No. 23-0302, arguing that the district court erred in certifying a class against them notwithstanding its recognition that Plaintiffs would need to prove individual reliance for thousands of class members. To avoid this Court's review of yet another error, Plaintiffs then requested and obtained dismissal of those claims against the Non-Speaking Defendants only. R. 446 (Dismissal Order) at 10138-10140. The Non-Speaking Defendants have moved to dismiss their separate petition, but continue to support review of the important legal questions presented here.

## ARGUMENT

### I. PLAINTIFFS CANNOT SALVAGE THE DISTRICT COURT'S ERRONEOUS *AFFILIATED UTE* AND *COMCAST* HOLDINGS.

#### A. The District Court Misconstrued the *Affiliated Ute* Presumption.

As Defendants have shown (Pet. 11-15), the district court made two legal errors in applying *Affiliated Ute* here. *First*, the court rejected the settled rule that the presumption applies only where the plaintiffs' case primarily involves omissions, and not in "mixed cases" of omissions and misstatements. R. 435 (Certification Op.) at 9820-9821. *Second*, the court concluded that *Affiliated Ute* applied because the challenged statements here "painted an incomplete picture of the alleged truth." *Id.* at 9822. The court did so even though seven courts of appeals have correctly held that the "*Affiliated Ute* presumption does not apply to" such "half-truths." *Waggoner* v. *Barclays PLC*, 875 F.3d 79, 96 (2d Cir. 2017).

In trying to avoid review, Plaintiffs do not defend either of the district court's legal rulings. Regarding the first, Plaintiffs contend that the "district court didn't say" what it clearly said, Opp. 20—namely, that it was "persuaded by" a few outlier decisions that "have applied *Affiliated Ute* to cases characterized as mixed cases." R. 435 (Certification Op.) at 9821. Plaintiffs then suggest that the court's comments were dicta, but even if so, those comments will still lead to further confusion and deepen the district-court division within this Circuit. *See* Pet. 15-16.

At any rate, the district court's key error was treating half-truths made in affirmative statements as omissions supporting application of the *Affiliated Ute* presumption. Plaintiffs say almost nothing about that legal error. They do not dispute that their complaint alleges 46 misleading *affirmative* statements. R. 72 (Consolidated Compl.) at 1576-1592, ¶¶ 95-134. They do not contest that a statement that "paint[s] an incomplete picture of the alleged truth" is a species of misstatement, not an omission. They ignore that seven courts of appeals have refused to apply *Affiliated Ute* to claims based on half-truths. *See* Pet. 13-14. And they do not engage with Defendants' arguments that *Affiliated Ute*'s logic does not apply to half-truths, or that extending *Affiliated Ute* to half-truths would allow securities plaintiffs to avoid *Basic*'s more demanding requirements. *Id.* at 14-17.

Rather, Plaintiffs contend that the district court's statement, in its motion-to-dismiss opinion, that the "*Affiliated Ute* presumption . . . appears appropriate" is a *factual finding* that "must be honored" unless "it was 'clearly erroneous.'" Opp. 20 (citation omitted). That is wrong. The court's conclusion that Plaintiffs' case primarily involves omissions rested on its legally erroneous determination that a half-truth constitutes an omission. The court made no factual finding, which would have been "inappropriate at the motion-to-dismiss stage." *Morris Aviation, LLC* v. *Diamond Aircraft Indus., Inc.*, 536 Fed. Appx. 558, 570 (6th Cir. 2013). Because

the district court "improperly applie[d] *the law*," its certification under *Affiliated Ute* was, by definition, an abuse of discretion. *Rikos*, 799 F.3d at 504 (emphasis added).

Plaintiffs also do not explain how the district court's "alternate holding" that the class could be certified under *Basic* absolves its erroneous application of *Affiliated Ute*. Opp. 23-24. They do not dispute that *Basic* and *Affiliated Ute* require different proof, evidence, and jury determinations. *See* Pet. 17. They effectively concede that these separate presumptions cannot apply "simultaneously," dismissing as "dictum" the court's decision to proceed that way. Opp. 23 n.11. And they apparently recognize that *Basic* and *Affiliated Ute* cannot be applied "seriatim." *Id*. at 23.

### B.    The District Court Misapplied *Comcast*.

Plaintiffs also cannot explain away the district court's failure to undertake *any Comcast* analysis for their Exchange Act claims, let alone the required "rigorous" analysis. Pet. 18-19. The court offered just one sentence of reasoning: "predominance exists with respect to [Exchange Act] damages for the same reasons as articulated in the previous section [about Securities Act damages]." R. 435 (Certification Op.) at 9819. But in that previous section of its opinion, the court had held that "*Comcast* does not bar certification" of Plaintiffs' Securities Act claims because "the Securities Act provides a statutory formula for damages." *Id.* at 9812. The Exchange Act has no such formula. Thus, either the court wrongly thought that

the Exchange Act contained its own statutory formula, *or* wrongly thought that Exchange Act damages could be calculated using the Securities Act formula. Either way, the court violated *Comcast* by certifying the Exchange Act class based on a damages methodology that is not "consistent with [Plaintiffs'] liability case." 569 U.S. at 35.

Unable to defend the district court's flawed reasoning, Plaintiffs again try to muddy the waters. *First*, they claim that the court's damages rulings were "reasonabl[e]" and "well within [its] discretion." Opp. 12, 15. But *Comcast* made clear that whether a damages methodology comports with the requirements of Rule 23(b) is a question of law, not of fact, subject to *de novo* review. 569 U.S. at 36 n. 5.

*Second*, Plaintiffs claim that the district court did not mean what it erroneously said about Exchange Act statutory damages. Opp. 13. But "whatever [Plaintiffs] think[] the [court] meant to say," this Court is required to take it "at its word." *Erica P. John Fund, Inc.* v. *Halliburton Co.*, 563 U.S. 804, 814-815 (2011). And "[b]ased on those words, the decision below cannot stand." *Id.* at 815.

In trying to resuscitate the district court's opinion, Plaintiffs suggest that perhaps the court actually meant that they had satisfied *Comcast* for their Exchange Act claims, just as for their Securities Act claims. Opp. 12-14. In Plaintiffs' rewrite, the court simply stated its Exchange Act conclusion, without *any* analysis or support. Plaintiffs then suggest that such an unexplained ruling would be permissible when

"complemented by" the record, which shows that "the parties thoroughly briefed the issue," "submitted hundreds of pages of expert" reports and testimony, and gave oral argument. *Id.* at 11-13. But it does not matter how much work the *parties* put in; "for purposes of Rule 23," it is "*courts* [that] must conduct" a "rigorous analysis to determine whether" common issues predominate. *Comcast*, 569 U.S. at 35 (emphasis added). That "procedural safeguard[]," *id.* at 34, reflects that class certification "bestows upon plaintiffs extraordinary leverage, and its bite should dictate the process that precedes it." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2008), *as amended* (Jan. 16, 2009). In this Circuit, a court abuses its discretion by failing to "follow the proper procedures in making the [challenged] determination." *In re Red Ball, Inc.*, 157 Fed. Appx. 850, 851 (6th Cir. 2005).

*Third*, Plaintiffs incorrectly suggest that the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides a "statutory formula" for Exchange Act damages. Opp. 14-15. But, unlike the Securities Act, the PSLRA does not set out, let alone require, any particular formula for calculating damages. *See McMahan & Co.* v. *Wherehouse Ent., Inc.*, 65 F.3d 1044, 1048 (2d Cir. 1995) ("The plain language of [the Securities Act] prescribes the method of calculating damages . . . and the court must apply that method in every case."). The PSLRA simply imposes a "[l]imitation on damages," instructing that plaintiffs cannot point to a security's

lowest price as a benchmark, but rather must use "the mean trading price" during the 90 days following the corrective disclosure.  15 U.S.C. § 78u-4(e)(1).

As a result of its clear error in reasoning, the district court erroneously certified the Exchange Act class.  It did so without actually determining, as *Comcast* commands, whether Plaintiffs' damages are "capable of measurement on a classwide basis" in a manner that will "measure only those damages attributable to" their theory of wrongdoing.  569 U.S. at 34-35.  Plaintiffs made no such showing.  As Defendants have explained (Pet. 18-21), to ensure that Plaintiffs' damages methodology captures only artificial price inflation, Plaintiffs must propose a methodology that measures the fluctuations in inflation in the price of FirstEnergy's securities that necessarily would result from dozens of alleged half-truths, over a 3.5-year period, about the company's legal compliance and its varying efforts to secure legislative and regulatory relief against a shifting political landscape.  Plaintiffs' damages expert concededly did not account for those complexities in Plaintiffs' liability theory; he merely promised that he could do so later.  *See* R. 293-7 (Dalrymple Report) at 6303 ¶¶ 107-108; R. 339-3 (Dalrymple Dep. Tr.) at 7287 p. 182:1-6.

Plaintiffs respond that they can "insert[] specific figures later."  Opp. 16-17.  To be sure, "no actual calculation needs to be performed at this stage," but *Comcast* still requires Plaintiffs to provide "assurance beyond [their experts'] say-so" that

"there is a damages model that will permit the calculation of damages on a classwide basis." *Fort Worth Employees' Ret. Fund* v. *J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 142 (S.D.N.Y. 2014); *see Ward* v. *Apple Inc.*, 784 Fed. Appx. 539, 540 (9th Cir. 2019) (under *Comcast*, "not enough" to "provide[] only a promise of a model to come"). Because it remains "unclear . . . how Plaintiffs plan to engage in the difficult process of" accurately estimating the varying inflation caused by Defendants' alleged half-truths, "a more precise specification of the damages calculation method is necessary" before a class may be certified. *Fort Worth*, 301 F.R.D. at 141-142.

Plaintiffs chide Defendants for not mentioning two cases that they claim relieve Plaintiffs from accounting for time-varying inflation in their common damages methodology. Opp. 17-18. One is *Waggoner*; the other is a district court decision from this Circuit that simply cited *Waggoner*, *see Weiner* v. *Tivity Health, Inc.*, 334 F.R.D. 123, 138 (M.D. Tenn. 2020). In *Waggoner*, unlike here, the theory of liability was simple:   shareholders were allegedly harmed after a bank's statements about its commitment to "protecting its [] investors [in its trading platform] were shown to be false." 875 F.3d at 86-88, 106. The district court found, and the Second Circuit affirmed, that the plaintiffs had proposed a damages model consistent with their liability theory, and that the defendant's time-varying-inflation argument concerned only the "precise . . . [c]alculation[]" of damages. *Id.* at 106. In this case, by contrast, Plaintiffs' liability theory is premised on allegations of a

fraud that changed over the class period, as legislative relationships were cultivated, statehouse leaders selected, laws enacted, and a repeal campaign waged. In any event, to the extent that courts disagree on the proper application of *Comcast*, that is no reason to deny this Petition; it is yet another reason to grant it.

## II. PLAINTIFFS' OPPOSITION CONFIRMS THAT THE OTHER RULE 23(f) FACTORS SUPPORT REVIEW.

As Plaintiffs acknowledge, Rule 23(f) review is warranted where a "questionable class-certification ruling has created undue settlement pressure" on defendants. Opp. 1. In contending that no such pressure exists here, Plaintiffs first suggest that Defendants may not face "billions of dollars in liability." Opp. 24. But several pages earlier, Plaintiffs say precisely the opposite: that "FirstEnergy investors suffered *billions of dollars in damages*." Opp. 5 (emphasis added). Plaintiffs' complaint likewise alleges that the fraud "inflict[ed] billions of dollars of losses on FirstEnergy investors." R. 72 (Consolidated Compl.) at 1549 ¶ 9.

Plaintiffs' "too big for Rule 23(f)" theory is even weaker. They suggest that nearly $8 billion in potential liability, *see* Pet. 7, may not create significant settlement pressure because FirstEnergy is a big company. *See* Opp. 24. But $8 billion is many times FirstEnergy's typical annual earnings,[2] and *ten times* the

---

[2]    *E.g.*, https://investors.firstenergycorp.com/investor-materials/news-releases/news-details/2023/FirstEnergy-Announces-Fourth-Quarter-and-Full-Year-2022-Financial-Results/default.aspx, visited April 30, 2023.

"hundreds of millions" figure that this Court called "enormous" in a case Plaintiffs cite. *In re Cmty. Health Sys., Inc.*, 2019 WL 5549319, at *2 (6th Cir. Oct. 23, 2019). As this Court has recognized, the prospect of losing "billions of dollars" puts "heavy pressure on defendants"—even large corporations—"to settle." *In re E.I. DuPont de Nemours & Co. C-8 Pers. Inj. Litig.*, 2022 WL 4149090, at *9-10 (6th Cir. Sept. 9, 2022).

The district court's decision also plainly "involves important and unsettled questions of law" in this Circuit. *Id.* at *1. Even Plaintiffs recognize that the questions presented "are important to class-action litigation as a whole." Opp. 25. Through their various contortions, they assert that the court got the answers right. *Id.* But, as demonstrated in the Petition and above, the court did not; indeed, even Plaintiffs barely defend its actual reasoning.

These legal issues demand this Court's clarification. Plaintiffs do not contest that the district court's *Affiliated Ute* rulings implicate "novel" and "unsettled" questions, at least in this Circuit, but baldly assert that such concerns are "overblown." *Id.* And this Court has never offered guidance on the proper application of *Comcast* in the context of a securities case. Plaintiffs claim that it is already clear in this Circuit that *Comcast* does not apply unless a plaintiff proposes "multiple theories of liability." Opp. 24-25. But Plaintiffs' effort to limit *Comcast* to its facts underscores, rather than undermines, the need for this Court's guidance.

The two decisions on which Plaintiffs rely, one of which is unreported, *see id.*, do not stand for that proposition. And Plaintiffs ignore that district courts throughout this Circuit, as reflected by their divergent opinions, have not consistently applied *Comcast*. *See* Pet. 22-23.

## CONCLUSION

Defendants' Petition should be granted.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*

Geoffrey J. Ritts
Adrienne Ferraro Mueller
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: gjritts@jonesday.com
Email: afmueller@jonesday.com

Marjorie P. Duffy
Jordan M. Baumann
M. Ryan Harmanis
JONES DAY
325 John H. McConnell Boulevard,
Suite 600
Columbus, Ohio 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198
Email: mpduffy@jonesday.com
Email: jbaumann@jonesday.com
Email: rharmanis@jonesday.com

Robert J. Giuffra, Jr.
Sharon L. Nelles
David M.J. Rein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000

Morgan L. Ratner
SULLIVAN & CROMWELL LLP
1700 New York Avenue N.W.
Washington, D.C. 20006
Tel: (202) 956-7500

*Counsel for Defendant FirstEnergy Corp.*

*Counsel for Defendants FirstEnergy
Corp. and Steven E. Strah, K. Jon
Taylor, Jason J. Lisowski, George M.
Smart, Paul T. Addison, Michael J.
Anderson, Steven J. Demetriou, Julia
L. Johnson, Donald T. Misheff,
Thomas N. Mitchell, James F. O'Neil
III, Christopher D. Pappas, Sandra
Pianalto, Luis A. Reyes, Jerry Sue
Thornton, and Leslie M. Turner*

May 1, 2023

## CERTIFICATE OF COMPLIANCE

This Reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because the brief contains 2,598 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32.  This Reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the Reply has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

Dated:  May 1, 2023

## CERTIFICATE OF SERVICE

I hereby certify that, on May 1, 2023, a true and correct copy of the foregoing was filed with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to and constitute service on counsel who have entered an appearance and are registered for ECF service.

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.